UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| ATIBA MOORE, | ) |
| | ) |
| Petitioner, | )   3:10-cv-00194-ECR-RAM |
| | ) |
| vs. | )   **ORDER** |
| | ) |
| GREG SMITH, *et al.*, | ) |
| | ) |
| Respondents. | ) |

Atiba Moore, a prisoner at Nevada State Prison, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondents have moved to dismiss the petition (docket #7), with petitioner opposing dismissal (docket #16) and respondents filing a reply (docket #17).  Respondents argue that the petition should be dismissed because ground one is procedurally barred and because ground two is unexhausted.

**I.     Relevant History**

Petitioner was charged in 2003 with burglary, fraudulent use of a credit card or debit card and possession of a credit or debit card without the cardholder's consent.  Exhibit 5.[1]  Petitioner was also alleged to be a habitual criminal.  *Id.*  Petitioner was convicted by a jury on all three counts. Exhibits 13 and 15.  Thereafter, the trial court denied petitioner's motion to set aside the jury verdict

---

[1] The exhibits referenced in this order were submitted by respondents in support of the motion to dismiss and are found in the court's docket at entries 8-14.

or in the alternative motion for a new trial. Exhibits 19 and 22. Petitioner appealed the decision in case number 43002. Exhibit 23. He also filed an appeal of the judgment of conviction in case number 43248. Exhibits 29 and 31. The Nevada Supreme Court denied relief on appeal of the motion to set aside the verdict as a non-appealable order. Exhibit 28.

Petitioner was sentenced to 60-240 months on Count I, 60-240 month on Count II to run consecutive to Count I, and 60-240 months on Count III to run "concurrent to the other counts." Exhibit 24, p. 13, lines 1-4.

On direct appeal, petitioner raised eight grounds for relief. The first three claims attacked the validity of the conviction for fraudulent use of a credit card, the fourth argued it was double jeopardy to charge petitioner with both the possession of and fraudulent use of a credit card. The fifth claim argued the state did not prove beyond a reasonable doubt that the petitioner had the necessary intent to defraud or commit a burglary. The sixth claim argued petitioner's due process rights were violated by altering the selection of the alternate jurors. The seventh claims argued a due process violation related to witness testimony about petitioner's criminal history (SCOPE and NCIC reports). The final claim alleges the sentencing violated due process through the introduction of improper documents and by certifying petitioner as a habitual criminal more than once. Exhibit 55.

The Nevada Supreme Court affirmed the conviction for the possession of a credit card without the cardholder's consent and burglary, and upheld the habitual criminal adjudication. Exhibit 61. The conviction for fraudulent use of a credit card was reversed with the matter being remanded for a corrected judgment of conviction. *Id.* The opinion held footnote 46, which advised that the sentence for count three (possession of the credit card) should run consecutive to the sentence for count one (burglary).

Before his direct appeal was final, petitioner filed a *pro per* state post-conviction petition raising four grounds for relief. Exhibit 33. The petition was denied by the district court without discussion. Exhibit 46. Petitioner did not appeal this denial.

2

Petitioner sought a new sentencing hearing raising the issue of whether the sentences should run consecutive or concurrent and seeking a jury determination of the habitual criminal adjudication. Exhibit 64. The motion was denied with the trial court determining it was bound to follow the directions of the Nevada Supreme Court's opinion. Exhibit 67. The amended judgment of conviction sentenced petitioner on Count I to 60-240 months and on Count III to 60-240 months consecutive to Count I. Exhibit 70. Petitioner appealed the amended judgment raising five grounds for relief related to the consecutive nature of the sentences and the habitual criminal adjudication. Exhibit 77.

Petitioner filed a second state post-conviction petition rasing ten grounds for relief. Grounds one and two attacked the contents of the charging document, the Information. Ground ten claims an abuse of discretion in the denial of his motion to set aside the jury verdict. The remaining grounds raised claims of ineffective assistance of counsel. This petition was denied by the state district court. Exhibit 82. Petitioner appealed. Exhibit 80.

The Nevada Supreme Court affirmed the amended judgment of conviction. Exhibit 90. It also affirmed the district court's denial of relief on the second post-conviction petition as to all claims but one arguing counsel was ineffective for telling the defense witness to appear to testify on the wrong day. That claim was remanded for an evidentiary hearing. Exhibit 99. In its order the Nevada Supreme Court found grounds 1, 3, and 10 on procedural bases, in that they should have been brought on direct appeal. *Id.*

After an evidentiary hearing was conducted and the remanded claim denied by the trial court, the Nevada Supreme Court affirmed. Exhibits 106. 133. To complete his state court proceedings, petitioner filed a motion to correct the amended judgment of conviction, which was denied and the denial appealed. Exhibits 113, 115, 119 and 116. He also filed a third state post-conviction petition raising a claim that the burglary count in the information as drafted was fatally defective resulting in constitutional error. Exhibit 122. That petition was denied and appealed.

Exhibits 128 and 124.  At this juncture, petitioner had three appeals pending before the Nevada Supreme Court which were consolidated and addressed in a single order.  Exhibit 133.

Petitioner came to the federal court with his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Marcy 26, 2010.  He raises three grounds for relief:

    1.      My conviction for Count 1, Burglary, is unconstitutional in violation of my 5th amendment right to Due Process of the law because the information filed in my case failed to enumerate each material element of "fraudulent use of credit or debit card," namely that I "obtained" anything of value or "used" the credit card and obtained anything of value.

    2.      My right to be present at sentencing and due process of the law was violated when the district judge V. Vega department 2, signed and filed judgment of conviction that was different from the oral pronouncement of the sentencing judge Michael Douglass.  And also when my "motion to correct Amended Judgment of Conviction," was denied.

    3.      My conviction for Count 3, possession of a credit card without the cardholders consent is unconstitutional because it was a lesser included offense of fraudulent use of a credit card.  So when I was charged and convicted and sentensed [sic] it was a violation of the Double Jeopardy Clause of the Constitution.

Petition, docket # 1 pp. 3, 5, and 7.

The motion to dismiss filed by respondents seeks dismissal of ground 1 on the basis of procedural default and ground 2 because it has not been fully exhausted in the Nevada Supreme Court.

## II.     Procedural Bar

In seeking dismissal of ground 1, respondents argue that the claim was raised by petitioner in his second post conviction petition and found to be procedurally barred by the Nevada Supreme Court pursuant to NRS 34. 810(1) and (2) and 34.726 when it was considered on appeal of denial of that petition.  *See* Exhibits 72 and 99.

Petitioner's argument that he raised the claim in his motion to set aside the jury verdict and on appeal of denial of that motion is unpersuasive.  The argument presented on appeal of

the denial of that motion (and in the motion, itself) was that the State failed to provide sufficient notice of the elements of the crime alleged in count two - fraudulent use of a credit card. Exhibits 19 and 55.[2] Thus, the claim was not exhausted in the litigation of his motion to set aside the verdict.

Petitioner also contends the ground was raised in his first post-conviction petition, but, as has already been determined, he failed to appeal the denial of that petition to the Nevada Supreme Court. Because this court can only consider the merits of claims that have been fairly presented to the state's highest court for consideration on its merits, *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b), ground one was not fairly presented in the first post-conviction petition, leaving its presentation to the Nevada Supreme Court for the first time in the second post-conviction petition as respondents contend.

The doctrine of procedural default generally prohibits a federal court from considering a specific habeas ground where the state's highest court declined to reach the merits of that claim on procedural grounds. *See Murray v. Carrier*, 477 U.S. 478 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982). In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless he can demonstrate cause for the default, and actual prejudice, or demonstrate that the failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Before a federal court finds procedural default, it must determine that the state court explicitly invoked a state procedural bar as a separate basis for its decision. Id. at 729-30; *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir.1995), *cert*. denied, 517 U.S. 1150 (1996). The state rule cited must be "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court for the E. Dist. of Cal.*, 96 F.3d 1126, 1129 (9th Cir.1996).

---

[2] In his opening brief on appeal, petitioner's only claim related to the burglary charge was the allegation that the state failed to prove he had the necessary intent to commit a crime upon entering the building, so as to prove burglary. Exhibit 55, p. i.

5

1         In its order denying relief as to this claim, the Nevada Supreme Court said:

> In his petition, Moore presented several claims that could have been raised on direct appeal. NRS 34.810(1)(b) requires a court to dismiss a petition if the petitioner's conviction was the result of a trial and the grounds for the petition could have been raised in a direct appeal unless the court finds cause for the failure ot present the grounds and prejudice to the petitioner. Moore did not allege good cause for failing to raise hs claims for relief on direct appeal, nor did he demonstrate that he would be prejudiced by the district court's failure to consider the claims on the merits. Accordingly, we conclude that the district court did not err in denying the following claims: . . . (5) Moore's Fourteenth Amendment rights were violated when he was convicted of burglary even though the underlying felony offense did not occur.

Exhibit 99, p. 3.

        The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case -- NRS 34.810(1) -- is an independent and adequate state ground. *See Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999) ("Thus, Nevada follows a strict rule: A petitioner must raise all claims in his first habeas petition in order to avoid the penalty of procedural default."), *cert. denied*, 529 U.S. 1073 (2000); *see also Petrocelli v. Angelone*, 248 F.3d 877, 886 (9th Cir. 2001) (distinguishing capital and non-capital cases); *Valerio v. Crawford*, 306 F.3d 742 (9th Cir. 2002) (same).

        This Court finds that the Nevada Supreme Court's holding that petitioner's second state-court habeas petition was procedurally barred under NRS 34.810(1) was an independent and adequate ground for the court's dismissal of that second state-court petition. Additionally, petitioner has not made a showing of cause for his failure to bring the claim at the earliest opportunity or prejudice which might arise from the Court's failure to consider the merits of the claim.

        Ground one is procedurally barred and shall be dismissed from the petition.

**III.     Exhaustion**

        Next respondents argue the petition must be dismissed because ground two is unexhausted. In this claim, petitioner argues that his "right to be present at sentencing and due

1  process of the law was violated when the district judge V. Vega department 2, signed and filed
2  judgment of conviction that was different from the oral pronouncement of the sentencing judge
3  Michael Douglass," and when his Motion to Correct Amended Judgment of Conviction was denied.
4          Respondents point out that petitioner never presented the claim related to his right to
5  be present at sentencing in any claim to the Nevada Supreme Court, even though he did raise a
6  similar claim on direct appeal of the denial of the motion to correct the amended judgment of
7  conviction and on appeal of the amended judgment of conviction.  Exhibits 77, 113, and 115.  A
8  review of those claims makes clear that petitioner never raised any claim that he had been denied the
9  right to be present at sentencing.
10         The exhaustion doctrine requires a state prisoner to "fairly present[ ]" his or her
11 claims to the state courts before a federal court will examine them.  *Picard,v. Connor*, 404 U.S. 270,
12 275 (1971) "Fair presentation" of a prisoner's claim to the state courts means that the substance of
13 the claim must be raised there.  The prisoner's allegations and supporting evidence must offer the
14 state courts "a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his
15 constitutional claim."  *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citing *Picard*, 404 U.S. at
16 276-77).  As a result, although a habeas petitioner may present "'bits of evidence'" to a federal court
17 that were not presented to the state court that first considered his claim, evidence that places the
18 claims in a significantly different legal posture must first be presented to the state courts.  *Jones v.*
19 *Hess*, 681 F.2d 688, 694 (10th Cir.1982) (quoting *Nelson v. Moore*, 470 F.2d 1192, 1197 (1st
20 Cir.1972)).
21         That is the case here.  Petitioner has presented a significantly different claim in
22 ground two than he ever presented to the Nevada Supreme Court.  That court has never been asked to
23 consider whether petitioner was denied the right to be present at sentencing or if such absence would
24 have violated his right to due process.  Ground two is unexhausted.
25
26

**IV.    Petitioner's Mixed Petition**

The Court finds ground two to be unexhausted in state court. A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Because the court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has options:

1.  He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2.  He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3.  He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009). Should the petitioner seek a stay and abeyance under *Rhines v. Weber,* he must show good cause of his previous failure to exhaust and he must also demonstrate that the claims he has not exhausted are not clearly meritless. Failure to make such a showing will result in denial of the stay and abeyance and dismissal of the petition.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (docket #7) is **GRANTED.**  The Court finds that grounds 1 is procedurally defaulted and is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that ground 2 is unexhausted.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either:

1  **(1)** inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and abeyance demonstrating good cause for the failure to exhaust and that the claims are not clearly meritless, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  Petitioner shall thereafter have **twenty (20) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated this  22nd  day of November, 2010.

_____
UNITED STATES DISTRICT JUDGE

9