UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ATIBA MOORE, ) | |
| ) | |
| Petitioner, ) | 3:10-cv-00194-ECR-RAM |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| GREG SMITH, *et al.*, ) | |
| ) | |
| Respondents. ) | |

Atiba Moore, a prisoner at Nevada State Prison, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondents have filed their answer to the Second Amended Petition (ECF No. 25) and petitioner has filed a reply (ECF No. 31).  Based on the following discussion, the petition shall be denied.

I.     **Relevant History**

Petitioner was charged in 2003 with burglary, fraudulent use of a credit card or debit card and possession of a credit or debit card without the cardholder's consent.  Exhibit 5.[1]  Petitioner was also alleged to be a habitual criminal.  *Id.*  Petitioner was convicted by a jury on all three counts.  Exhibits 13 and 15.  Thereafter, the trial court denied petitioner's motion to set aside the jury verdict or in the alternative motion for a new trial.  Exhibits 19 and 22.  Petitioner appealed the decision in

---

[1] The exhibits referenced in this order were submitted by respondents in support of the motion to dismiss and are found in the court's docket at entries 8-14.

1  case number 43002.  Exhibit 23.  He also filed an appeal of the judgment of conviction in case
2  number 43248.  Exhibits 29 and 31.  The Nevada Supreme Court denied relief on appeal of the
3  motion to set aside the verdict as a non-appealable order.  Exhibit 28.

4  Petitioner was sentenced to 60-240 months on Count I, 60-240 month on Count II to
5  run consecutive to Count I, and 60-240 months on Count III to run "concurrent to the other counts."
6  Exhibit 24, p. 13, lines 1-4; *but see,* exhibit 26.

7  On direct appeal, the Nevada Supreme Court affirmed the conviction for the
8  possession of a credit card without the cardholder's consent and burglary, and upheld the habitual
9  criminal adjudication.  Exhibit 61.  The conviction for fraudulent use of a credit card was reversed
10 with the matter being remanded for a corrected judgment of conviction.  *Id.*  The opinion contained
11 footnote 46, which advised that the sentence for count three (possession of the credit card) should
12 run consecutive to the sentence for Count I (burglary).  Before his direct appeal was final, petitioner
13 filed a *pro per* state post-conviction petition raising four grounds for relief.  Exhibit 33.  The petition
14 was denied by the district court without discussion.  Exhibit 46.  Petitioner did not appeal this denial.

15 Petitioner also sought a new sentencing hearing raising the issue of whether the
16 sentences should run consecutive or concurrent and seeking a jury determination of the habitual
17 criminal adjudication.  Exhibit 64.  The motion was denied with the trial court determining it was
18 bound to follow the directions of the Nevada Supreme Court's opinion.  Exhibit 67.  The amended
19 judgment of conviction sentenced petitioner on Count I to 60-240 months and on Count III to 60-240
20 months consecutive to Count I.  Exhibit 70.  Petitioner appealed the amended judgment raising five
21 grounds for relief related to the consecutive nature of the sentences and the habitual criminal
22 adjudication.  Exhibit 77.

23 Petitioner filed a second state post-conviction petition raising ten grounds for relief.
24 This petition was denied by the state district court.  Exhibit 82.  Petitioner appealed.  Exhibit 80.

25
26

1    The Nevada Supreme Court affirmed the amended judgment of conviction. Exhibit 90. It also affirmed the district court's denial of relief on the second post-conviction petition as to all claims but one arguing that counsel was ineffective for telling the defense witness to appear to testify on the wrong day. That claim was remanded for an evidentiary hearing. Exhibit 99. In its order the Nevada Supreme Court denied grounds 1, 3, and 10 on procedural bases, in that they were waived when not brought on direct appeal. *Id.*

After an evidentiary hearing was conducted and the remanded claim denied by the trial court, the Nevada Supreme Court affirmed. Exhibits 106. 133. Continuing pursuit of relief in state court, petitioner filed a motion to correct the amended judgment of conviction, which was denied and the denial appealed. Exhibits 113, 115, 119 and 116. He also filed a third state post-conviction petition raising a claim that the burglary count in the information as drafted was fatally defective resulting in constitutional error. Exhibit 122. That petition was denied and appealed. Exhibits 128 and 124. At this juncture, petitioner had three appeals pending before the Nevada Supreme Court which were consolidated and addressed in a single order denying relief. Exhibit 133.

Petitioner came to the federal court with his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 26, 2010. He raised three grounds for relief:

>   1.   My conviction for Count 1, Burglary, is unconstitutional in violation of my 5th amendment right to Due Process of the law because the information filed in my case failed to enumerate each material element of 'fraudulent use of credit or debit card,' namely that I 'obtained' anything of value or "used" the credit card and obtained anything of value.
>
>   2.   My right to be present at sentencing and due process of the law was violated when the district judge V. Vega department 2, signed and filed judgment of conviction that was different from the oral pronouncement of the sentencing judge Michael Douglass [sic]. And also when my 'motion to correct Amended Judgment of Conviction,' was denied.
>
>   3.   My conviction for Count 3, possession of a credit card without the cardholders consent is unconstitutional because it was a lesser included offense of fraudulent use of a credit card. So when I was

3

> charged and convicted and sentensed [sic] it was a violation of the Double Jeopardy Clause of the Constitution.

Petition, docket # 1 pp. 3, 5, and 7.

Following a motion to dismiss resulting in the dismissal of ground one, petitioner was allowed to file an amended petition which contained the two surviving grounds for relief (ECF No. 24). Ground one alleges that his conviction for both possession of a credit card (Count 3) and for fraudulent use of a credit card (Count 2) violates his Fifth and Fourteenth Amendment rights to due process and double jeopardy because the possession charge is a lesser included of the fraudulent use charge. He argues the possession charge should have been dismissed. Ground two contends that his Fifth and Fourteenth Amendment rights to due process and double jeopardy were violated because he received a harsher sentence after his successful direct appeal.

## II.    Legal Standard

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law.*"* *Bell v. Cone*, 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of

4

§ 2254 "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003), *citing Williams v. Taylor*, 529 U.S. 362, 405-406 (2000); *Bell*, 535 U.S. at 694.

A state court decision is an unreasonable application of clearly established Supreme Court precedent "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer,* 538 U.S. at 73. The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id*. The state court's factual determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

**III.    Discussion**

Ground One

Petitioner claims his Fifth and Fourteenth Amendment rights guaranteeing due process and the prohibition of double jeopardy were violated when the court failed to dismiss both the fraudulent use of a credit card conviction (Count 2) and the possession of a credit card without the owner's consent conviction (Count 3). He argues both should have been dismissed because the possession charge is a lesser included charge of the fraudulent use charge and the Nevada Supreme Court found the state had failed to prove he fraudulently used a credit card. Petitioner contends that where a person is convicted of both a principal charge and a lesser included charge, the lesser included should also be dismissed.

In *Ohio v. Johnson,* 467 U.S. 493, 497-98, 104 S.Ct. 2536, 2540 (1984), the United States Supreme Court explained:

5

> The Double Jeopardy Clause, of course, affords a defendant three basic protections:" '[It] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' "

*Id.,* quoting *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2222 (1977), and *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076 (1969).  Double jeopardy is not present if the charges are different.  One offense is different from another if each requires proof of a fact that the other does not.  *Albernaz v. United States,* 450 U.S. 333, 339, 101 S.Ct 1137, 1142 (1981); *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182 (1932).  However, where some of the elements of the crime charged constitute a lesser crime, the defendant may still be convicted of the lesser crime even if the evidence does not support all the elements of the greater crime. *Sansone v. U.S.,* 380 U.S. 343, 349, 85 S.Ct. 1004, 1009 (1965); *see also*, *Giles v. United States,* 144 F.2d 860, 861 (9th Cir. 1944).

Here, the charge of fraudulent use of a credit card required proof of additional facts not required in proving the charge of possession of a credit card. *Cf,* NRS 205.690 and 205.760. For example – and the reason that the Nevada Supreme Court acquitted petitioner of the fraudulent use of the credit card charge – while petitioner obtained or possessed the credit card belonging to Alma Q. Rangel without permission, he did not actually "obtain money, goods, property, services or anything of value" while he possessed it.  Thus, although the state proved all the elements of the possession charge, it did not and could not prove all the elements of the fraudulent use charge.

The Nevada Supreme Court denied petitioner's claim stating:

> Where the accused cannot be convicted of both crimes, both convictions are reversible when the reviewing court cannot ascertain what verdict would have been returned by a properly instructed jury. However, where it is ascertainable upon which count, if either, a properly instructed jury would have convicted the defendant, a new trial would result in an unnecessary expenditure of judicial resources.

> [fn. 32: *Point v. State,* 102 Nev. 143, 147, 717 P.2d 38, 41 (1986) citations omitted*),* disapproved of on separate grounds by *Stowe v. State,* 109 Nev. 743, 857 P.2d 15 (1993).]
>
> The State produced sufficient evidence to convict Moore of possession of a credit card without the cardholder's consent. Moore was arrested in a Wal-Mart store while attempting to use a credit card that did not belong to him. While detained, Moore claimed that he knew the owner of the credit card and was authorized to use the credit card. At trial, the owner of the credit card testified that she noticed her purse was missing a few hours before Moore was arrested and that she did not know Moore.
>
> We conclude that our reversal of Moore's fraudulent use conviction does not affect the possession conviction because the elements of possession were sufficiently established for a properly instructed jury. Accordingly, Moore's conviction for possession of a credit card without the cardholder's consent is affirmed.

Exhibit 61, pp. 10-11.

Petitioner was not entitled to have the possession charged dismissed on double jeopardy bases and the Nevada Supreme Court's denial of his claim was not contrary to or an objectively unreasonable application of clearly established law as determined by the United States Supreme Court. Ground one shall be denied.

<u>Ground Two</u>

Again claiming double jeopardy and due process violations, petitioner argues in ground two that after being successful on direct appeal and having his case remanded for re-sentencing, he received a harsher sentence than the original because the court ordered his sentence for Count 3 to run consecutive to his sentence for Count 1, where in the original sentence, Count 3 was ordered to be served "concurrent with the other counts." Exhibit 24, p. 13, lines 1-4.[2] He further contends he was improperly denied a new sentencing hearing before a jury to determine the facts of his eligibility for habitual criminal adjudication.

---

[2] The related judgment of conviction reads: "... as to count 3, to a minimum of sixty (60) months and a maximum of two hundred forty (240) months in NDC and is to run concurrent to count 2." Exhibit 26, p. 2.

7

### A. Consecutive Sentence

On direct appeal, the Nevada Supreme Court overturned petitioner's conviction for fraudulent use of a credit card and remanded the matter back to the trial court for "further proceedings consistent with this opinion." Exhibit 61, p. 15. The court further directed in a footnote that "[t]he corrected judgment of conviction should reflect that the sentence on count three is consecutive to the sentence on count one." *Id.*, note 46. Plaintiff argues that this footnote was merely dicta and that the trial court was not required to impose consecutive sentences. The trial court disagreed finding that it was required to follow the Nevada Supreme Court's directives, even those contained in a footnote. *See* Exhibit 67, pp. 6-7.

Petitioner relies on NRS176.035(1) to support his contention that he is entitled to have the sentence for count 3 run concurrent to count 1. The statute provides that when sentencing a person on more than one charge, the court may order the subsequent sentences to run consecutively or concurrently and if no such provision is made, the sentences are assumed to run concurrently. Respondents argue that this claim is one founded on state law raising no federal or constitutional issue which would be subject to this Court's review.

Only if due process rights are implicated can the federal court review an error of state law. *See, Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80 (1991) (emphasizing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."), *see also Hartman v. Summers,* 120 F.3d 157, 161 (9th Cir. 1997). This subpart of ground two deals only with state law sentencing issues without any suggestion that the trial court's decision was arbitrary or due to some discriminatory animus. *See Engle v. Issac,* 456 U.S. 107, 121 n. 21, 102 S.Ct. 1558, 1568 n. 21 (1982); *Kennick v. Superior Court*, 736 F.2d 1277, 1280 (9th Cir.1984) (mistake of state law does not constitute due process violation absent arbitrary or discriminatory action). The trial court amended the judgment of

conviction in conformance with the directions of the Nevada Supreme Court believing that it was bound to do so. *See* Exhibit 67. The obligation was confirmed by the Nevada Supreme Court on appeal. Exhibit 90.

Subpoart A of ground two presents no federal claims subject to this Court's review.

B.   Habitual Criminal Adjudication

Petitioner also complains that his habitual criminal adjudication was improper in the absence of a complete and accurate factual finding by a jury. He contends that the facts relied upon by the judge to adjudicate him a habitual criminal were inaccurate because one of the three felony convictions had been vacated by the Nevada Supreme Court on direct appeal making his criminal history less extensive.

The petitioner is mistaken in his argument where the Nevada Supreme Court concluded:

> At sentencing, Moore was adjudicated a small habitual criminal based on three prior criminal convictions and sentenced to a term of imprisonment of 240 months with a minimum parole eligibility of 60 months on each count.
>
> * * *
>
> Any person who is convicted of a felony in this state, who has previously been convicted of two other felonies in any state, may be adjudicated a habitual criminal. [fn. 43: NRS 207.010(1)(a).]
>
> The State submitted three prior convictions for the district court to use in adjudicating Moore a habitual criminal. The 1991 conviction from Georgia contained a reference to another conviction, which was not properly presented to the court for habitual criminal adjudication. However, at the sentencing hearing, the State relied on three of Moore's prior criminal convictions and told the district court it was not relying on the conviction referenced in the 191 judgment. [footnote omitted.]
>
> We conclude the district court properly adjudicated Moore a small habitual criminal, which requires only two prior felony convictions. Accordingly, we affirm the district court's adjudication of Moore as a small habitual criminal. [footnote omitted.]

Exhibit 61, pp. 13-14.

1  As to petitioner's claim that he was entitled to have a jury decide the habitual criminal
2 issue, this claim also fails where the United States Supreme Court and the Ninth Circuit Court of
3 Appeals have both concluded that a habitual criminal sentence under NRS 207.010 does not require
4 submission to a jury because the adjudication is not a finding of any fact other than the existence of a
5 prior conviction. *See Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct 2348, 2363 (2000); *Tilcock*
6 *v. Budge,* 538 F.3d 1138, 1144 (9th Cir. 2008).

### IV.    Conclusion - Certificate of Appealability

The petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 shall be denied in its entirety. Petitioner has failed to demonstrate that the Nevada Supreme Court's determination of his claims was contrary to or objectively unreasonable in application of clearly established federal law or in factual determinations. Moreover, questions of state law are not subject to this Court's review.

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).

10

The Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appeal, and the Court determines that none meet that standard. Accordingly, the Court will deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Amended Petition is **DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY**. The Clerk shall enter judgment accordingly.

Dated this 29th day of September, 2011.

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE